T.C. Memo. 1997-540


UNITED STATES TAX COURT


LUCINE WILLIAMS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 11807-96.                   Filed December 8, 1997.


Lucine Williams, pro se.

<u>Mark A. Weiner</u>, for respondent.


MEMORANDUM OPINION

DAWSON, <u>Judge</u>:  This case was assigned to Special Trial
Judge Larry L. Nameroff pursuant to section 7443A(b)(4) and Rules

180, 181, and 183.[1]  The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

NAMEROFF, Special Trial Judge: Respondent determined a deficiency in petitioner's 1991 Federal income tax in the amount of $8,348, an addition to tax under section 6651(a)(1) in the amount of $99, and an accuracy-related penalty under section 6662(a) in the amount of $1,670.  After concessions by the parties, the issues to be decided are:  (1) Whether petitioner is entitled to a fuel tax credit of $8,249; and (2) whether petitioner is liable for the accuracy-related penalty.

Petitioner resided in Gardena, California, at the time he filed his petition.  Petitioner filed his 1991 Federal income tax return reflecting taxable interest income of $563, a Schedule E partnership loss of $42,168, a net operating loss carryover of $153,486, and itemized deductions of $10,696.  Petitioner also reported rental income of $6,600 and claimed rental expenses of $5,638, resulting in a net income from rentals of $962.  For some unexplained reason, the $962 profit was not carried forward to the face of the Form 1040.  In the notice of deficiency, respondent disallowed the Schedule E partnership loss, the net operating loss deduction, and reduced the itemized deductions by

---

[1]  All section references are to the Internal Revenue Code in effect for the year in issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

$7,296 to reflect an allowance of the standard deduction.  In addition, respondent disallowed all of the rental expenses.

In the Stipulation of Facts and Agreed Adjustments, the parties agreed that petitioner is not entitled to the Schedule E partnership loss or the net operating loss deduction.  Of the disallowed rental expenses, petitioner conceded $4,987 and respondent conceded $651.  With regard to the itemized deductions, while the parties stipulated that petitioner substantiated taxes of $2,164, they agreed that there is no tax benefit because petitioner did not have itemized deductions in excess of the standard deduction.  Finally, respondent conceded the addition to tax for delinquency.

On his 1991 Federal income tax return petitioner claimed a fuel tax credit of $8,249.  Respondent disallowed this amount in the notice of deficiency.  Respondent contends that petitioner is not entitled to a fuel tax credit and, in any event, has not substantiated his expenditures for gasoline and diesel fuel.

Petitioner is a truck driver.[2]  In 1991, petitioner owned two vehicles, a dump truck that operates on diesel fuel and a pickup truck that uses regular gasoline.  Petitioner kept the

---

[2]  The structure of petitioner's trucking business apparently is that of a partnership with his son, petitioner having 99 percent interest in the partnership.  No partnership agreement or records are contained in the record.  The parties have basically ignored the partnership in presenting this case, and we shall do so as well.

dump truck at a yard in Compton, California, and used his pickup truck to go from home to the yard. As a dump truck driver, petitioner usually worked at construction sites hauling materials like dirt, broken asphalt, and concrete. The Public Utilities Commission of the State of California issued petitioner a special license to operate as a dump truck driver. That license provides that petitioner may only use the truck within a 50-mile radius of the point of operations.

Petitioner had his return prepared by R. Milo Gilbert (Mr. Gilbert). Mr. Gilbert has been preparing petitioner's returns for many years. On his 1991 Federal income tax return, petitioner reported the purchase of 12,000 gallons of gasoline for which he claimed a credit of $1,692. He also reported the purchase of 31,635 gallons of diesel fuel for which he claimed a credit of $6,359. In addition, a $198 credit was claimed for "diesel powered light trucks and vans", arriving at a total credit of $8,249. Mr. Gilbert testified that in preparing petitioner's tax returns he always claimed the fuel tax credit. In support of the substantiation of the number of gallons of fuel purchased, the parties stipulated to an adding machine tape reflecting total fuel purchases of $11,636.15.

Respondent's determinations are presumed correct, and petitioner bears the burden of proving them erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

As relevant to this case, section 34 allows a credit against a tax equal to the sum of the amounts payable to the taxpayer under section 6421 with respect to gasoline used during the taxable year otherwise than as a fuel in a highway vehicle. Section 6421(a) provides as follows:

> NONHIGHWAY USES. --Except as provided in subsection (j), if gasoline is used in an off-highway business use, the Secretary shall pay (without interest) to the ultimate purchaser of such gasoline an amount equal to the amount determined by multiplying the number of gallons so used by the rate at which tax was imposed on such gasoline under section 4081. * * *

Section 6421(e)(2)(A) provides the definition of off-highway business use as:

> any use by a person in a trade or business of such person or in an activity of such person described in section 212 * * * otherwise than as a fuel in a highway vehicle--
>
>> (i) which (at the time of such use) is registered, or is required to be registered, for highway use under the laws of any State or foreign country * * *.

Section 6427(g) provides for the payment to the original purchaser of any qualified diesel-powered highway vehicle the amount of $198 for a truck or van. This credit applies only to vehicles purchased after January 1, 1985. Sec. 6427(g)(5).

With regard to the credit payable under section 6421, petitioner must prove that his dump truck was not a highway vehicle that was registered or required to be registered for highway use. Rule 142(a). If so, he then must establish the

number of gallons of gasoline or diesel fuel purchased in 1991 for use in the dump truck.

It is clear from petitioner's testimony that he drove his dump truck on the highway from its storage yard to various project sites for which he had hauling contracts. He also would haul materials from the project sites to other locations, provided such destinations were within a 50-mile radius. In so doing, petitioner used public highways. He has failed to prove that the dump truck was not a highway vehicle, or that it was not registered or required to be registered for highway use.[3]

_____

[3] See sec. 48.4061(a)-1(d)(1), Manufacturers & Retailers Excise Tax Regs., for a definition of "highway vehicle" and its use. See also sec. 48.6421-4(b) of the regulations with respect to the meaning of "qualified business use" for claiming the fuel tax credit, and particularly subparagraph (5) which contains the following example illustrating its application:

M corporation, a logging company, files its income tax return on the basis of the calendar year. During 1982, the company used 20,000 gallons of gasoline in its logging business. Of this amount, 12,000 gallons were used as fuel in registered highway vehicles which were operated both on the public highways and on the company's private roads. Of the remaining 8,000 gallons, 6,000 were used in nonhighway vehicles, such as tractors and bulldozers, and 2,000 gallons were used in highway vehicles such as heavy trucks which, at the time of use, were neither registered nor required to be registered under state law for highway use by reason of being operated entirely on the company's property. As the ultimate purchaser, M may take a credit on its income tax return for 1982 under this section in respect of the 6,000 gallons used in the nonhighway vehicles and the 2,000 gallons used in the unregistered highway vehicles. However, no credit may be allowed with respect to the 12,000 gallons used in the registered highway vehicles even though a portion of this gasoline was used in operating the vehicles

(continued...)

Petitioner is not entitled to a fuel tax credit for diesel fuel purchased.

Similarly, petitioner used his pickup truck for various purposes, including commuting.  He has not proven that it was used for business or other profit-seeking purposes or that it was a nonhighway vehicle.  Therefore, he is not entitled to a fuel tax credit for the gasoline purchased for use in the pickup truck.  Hence, we need not consider the alternative issue as to whether petitioner has established the purchase of gasoline or diesel fuel and the amount of fuel tax paid.

Under section 6427, petitioner must establish that he purchased a diesel-powered highway vehicle after January 1, 1985.  From this record it would appear that the partnership, not petitioner, may have purchased the truck because no depreciation schedule is included with petitioner's Federal income tax return.  Nevertheless, petitioner has failed to establish the vehicle's purchase date.  Accordingly, petitioner is not entitled to the fuel tax credit of $198, as claimed.

Finally, respondent determined an accuracy-related penalty with respect to the fuel tax credit.  After examination of the record herein, and taking into account petitioner's reliance on

---

[3](...continued)
on the company's own property.

Mr. Gilbert, we hold that petitioner is not liable for the accuracy-related penalty.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.